# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RHINO METALS, INC., an Idaho corporation,<br><br>Plaintiff,<br>vs.<br><br>KODIAK SAFE COMPANY LLC, a California limited liability company,<br><br>Defendant. | Case No. 1:16-cv-00285-EJL-REB<br><br>**ORDER** |

## INTRODUCTION

On March 25, 2017, Chief United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendant's Motion to Dismiss be denied and Plaintiff's Motion for Preliminary Injunction be granted. (Dkt. 36.) Any party may challenge the Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Report. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.; see also* Fed. R. Civ. P. 72(b).

Defendant filed objections to the Report arguing that the Magistrate Judge erred in his analysis, conclusions, and findings. (Dkt. 38.) Plaintiff responded to the objections

and the matter is ripe for this Court's consideration. Fed. R. Civ. P. 72; Local Civ. R. 73.1.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed the district court need not conduct a *de novo* review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived it they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## DISCUSSION

The factual and procedural background of this case are correctly stated in the Report and this Court adopts the same. (Dkt. 36.) The dispute concerns the Plaintiff's claims against Defendant alleging violations of federal, state, and common law infringement of Plaintiff's registered trademark "KODIAK" (KODIAK mark). (Dkt. 1, 36.) Plaintiff filed its Motion for Preliminary Injunction seeking to enjoin Defendant from its use of the KODIAK mark through its selling, offering to sell, marketing, or

advertising gun safes bearing the KODIAK mark in any geographic region outside the city of Fresno, California. (Dkt. 1, 36.) Defendant filed its Motion to Dismiss this case for lack of personal jurisdiction. The Report concludes this Court has personal jurisdiction over Defendant and should not be dismissed. The Report additionally recommends that Plaintiff's preliminary injunction should be granted. (Dkt. 36.)

Defendant raised three challenges in its objections to the Report. The first two objections relate to the Defendant's Motion to Dismiss and the third relates to Plaintiff's Motion for a Preliminary Injunction. (Dkt. 38.)

This Court has reviewed the objected to portions of the Report *de novo.* The Court has also conducted a review of the entire Report as well as the record in this matter for clear error on its face. Having done so, this Court finds the Report correctly characterizes the facts, circumstances, allegations, and claims made in this case. The Court agrees with the Report's discussion of the law, analysis, conclusions, and recommendation as to Defendant's first two objections. In regards to the third objection, the Court agrees and adopts the Report's law, conclusion, and recommendation, but finds reason to clarify a portion of the analysis.

## ANALYSIS

**1. Personal Jurisdiction**

Defendant's first objection challenges the Magistrate Judge's reliance on *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668 (9th Cir. 2012) instead of following *Walden v. Fiore,* 134 S. Ct. 1115 (2014), which Defendant argues implicitly overruled *Washington Shoe*. (Dkt. 38.) The Report addressed Defendant's argument, and

ultimately concluded that *Washington Shoe* was applicable to this case and analyzed specific personal jurisdiction under its rationale. (Dkt. 36.) Defendant's second objection challenges the Magistrate Judge's finding that Defendant had engaged in conduct expressly aimed at the forum state. (Dkt. 38.) The Report concluded that Defendant's conduct of "purposefully launch[ing] a commercial and interactive website advertising the sale of allegedly-infringing products" coupled with the knowledge that Plaintiff had registered the KODIAK mark and that Plaintiff was located in Idaho was sufficient to constitute conduct by the Defendant as expressly aimed at the Plaintiff in Idaho. (Dkt. 36, p. 14-16.) The Magistrate Judge found this conduct satisfied *Washington Shoe* and determined personal jurisdiction exists over Defendant.

  This Court agrees that *Washington Shoe* applies to this case and that Defendant's conduct satisfies the expressly aimed requirement of the purposeful direction test. Defendant's objection argues its allegedly infringing website is not enough to find it expressly aimed conduct at Idaho without something more.

  Having reviewed the record *de novo*, the Court finds Defendant did more than merely maintain an allegedly infringing website. When Defendant created the website under the domain name of kodiaksafes.com in 2012, it simply had Defendant's contact information and read: "Website Coming Soon!" (Dkt. 36.) On May 22, 2015, Plaintiff responded to a letter sent by Defendant about a week prior denying Defendant's allegations of infringement and noting that Defendant had made no efforts to market its KODIAK safes outside of Fresno, California. (Dkt. 36.) On August 5, 2015, Defendant's trademark application for the KODIAK mark was rejected "because of a likelihood of

confusion" with Plaintiff's KODIAK mark, whose registration issued May 19, 2015. (Dkt. 36.) Thereafter, in August 2015, Defendant, knowing Plaintiff's had registered the KODIAK trademark and that Plaintiff was located in Idaho, updated its kodiaksafes.com and relaunched it as a commercial and interactive website advertising the sale of allegedly infringing products, including Idaho in a drop down menu, and a cart feature for customer purchases. (Dkt. 36.) When considering the totality of these circumstances, the Court agrees with the Report and finds the Defendant engaged in conduct expressly aimed at the Plaintiff in Idaho.

For these reasons, this Court agrees with the Magistrate Judge's finding that personal jurisdiction exists over Defendant and the Motion to Dismiss is denied.

### 2. Preliminary Injunction

Defendant's third objection challenges the Report's conclusion that Plaintiff's request for a preliminary injunction should be granted, arguing Plaintiff has not shown it is likely to succeed on the merits of its infringement claim because, in fact, Defendant owns the KODIAK mark based on its priority use since 1981. (Dkt. 38.) Defendant argues the Report erred as a matter of law by recommending the preliminary injunction be granted because the Report failed to find Plaintiff was likely to success on the merits. (Dkt. 38.) Instead, the Report found the ownership of the mark is "hotly contested" and states there are "serious questions" as to who owns the mark. Which, Defendant argues, precludes a finding that Plaintiff made the necessary showing to grant a preliminary injunction. (Dkt. 38.)

Having reviewed the issue *de novo*, this Court agrees that Plaintiff's Motion for a Preliminary Injunction should be granted. To obtain a preliminary injunction, the moving party must establish: (1) it is likely to succeed on the merits of its claim, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) a preliminary injunction is in the public interest. *See Winter,* 555 U.S. at 20*; see also Leigh v. Salazar*, 677 F.3d 892, 896 (9th Cir. 2012). The Ninth Circuit considers all of the *Winter* elements, except irreparable injury, using a sliding scale approach, which provides "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of [equities] tips *sharply* in the plaintiff's favor," so long as the plaintiff also makes a showing on the other two prongs. *Feldman v. Arizona Secretary of State's Office,* 843 F.3d 366, 375 (9th Cir. 2016) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)) (emphasis in original); s*ee also Cottrell*, 632 F.3d at 1134-35.

In its analysis of the likelihood of success on the merits for trademark infringement, the Magistrate Judge considered Plaintiff's alleged ownership of the KODIAK mark and if Defendant's use of the mark was likely to cause consumer confusion. (Dkt. 36.) The Report found the parties' "respective arguments illustrate serious questions concerning whether [Plaintiff] owns the KODIAK mark by virtue of its registration, whether [Defendant] has priority use of the KODIAK mark by virtue of its business enterprise dating back to 1981, and whether the cross-currents of such claims of ownership impact the geographic scope of either party's use of the same mark." (Dkt. 36,

p. 30.) Applying the *Sleekcraft* factors, the Magistrate Judge concluded Plaintiff had shown a likelihood of consumer confusion. The Report went on to conclude that "at this stage, [Plaintiff] has shown a likelihood of success on its allegations – represented, in part, by serious questions going to the ownership of a valid, protectable mark." (Dkt. 36, p. 32.) In order to find that a preliminary injunction should issue when a plaintiff has shown "serious questions to the merits" the plaintiff must also show that the balance of equities weighs *sharply* in its favor. This Court finds the balance of equities does, in fact, weigh sharply in Plaintiff's favor here.

Plaintiff sold its first gun safe bearing the KODIAK mark in January 2015 and since has sold over 9,400. (Dkt. 36.) Defendant is a smaller manufacturer and seller with a market predominately in southern California and only reached beyond California via its website as of August 2015, months after Plaintiff applied for and was granted the registration of the KODIAK mark. (Dkt. 36.) The status quo is preserving Plaintiff as the nationwide seller of KODIAK gun safes and limiting Defendant to the smaller regional market it existed in prior to August 2015. (Dkt. 36.) Plaintiff is, has been since January 2015, a nationwide seller of gun safes bearing its registered KODIAK trademark and it would be significantly harmed if Defendant were not enjoined from its national marketing and sale of allegedly infringing gun safes pending the outcome of this matter. The Report also accurately notes Defendant is not prohibited from marketing and selling its two other lines of gun safes, which each bear other registered trademarks owned by the Defendant. (Dkt. 36, p. 38.)

For these reasons, the Court finds the Plaintiff has raised serious questions going to the merits of the case and the balance of equities tips sharply in its favor.[1] The Motion for Preliminary Injunction is granted.

3. **Security Bond**

The Court may only issue a preliminary injunction if the moving party "gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court is given wide discretion in setting the amount of the security bond. *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 133 (9th Cir. 1999) (citing Fed. R. Civ. P. 65(c)).

The Report found the scope of Plaintiff's request for preliminary injunction was overly broad and recommended the parties stipulate to the scope of the preliminary injunction should one issue, or in the alternative propose their respective positions in their filings to the Court, which both did. (Dkt. 36.) The Report recommended a bond amount of $10,000 unless/until Defendant is capable of justifying a higher bond amount. (Dkt. 36.) In its Objection, Defendant accepted the $10,000 bond amount suggested in the Report if the preliminary injunction's scope was limited to only restrain its sales outside the state of California. (Dkt. 38.) In its Response, Plaintiff, noting it may be a little excessive, did not raise a formal objection to the $10,000 amount. (Dkt. 40.)

---

[1] Plaintiff has also made the requisite showing of irreparable harm and public interest, but Defendant did not object to those portions of the Report.

The Court agrees with the Report's recommendation and finds that a $10,000 bond is appropriate in this case based on the nature of the claims, the relief sought, and the circumstances involved. Plaintiff shall deposit payment for the bond in the amount of $10,000 with the Clerk of the Court for the United States District Court for the District of Idaho to be held until further order of the Court.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on March 25, 2017 (Dkt. 36) is **ADOPTED IN ITS ENTIRETY** as clarified herein and the Court orders as follows:

1) Defendant's Motion to Dismiss (Dkt. 6) is **DENIED**.

2) Plaintiff's Motion for Preliminary Injunction (Dkt. 5) is **GRANTED**. The Court will enter a separate Preliminary Injunction Order consistent with this decision.

3) Issuance of the Preliminary Injunction Order is contingent upon Plaintiff filing proof of deposit of the bond in the amount of $10,000 on or before July 13, 2017 before 4:00 p.m. Upon such proof of deposit being filed, the Court will issue the injunction.

Dated: **June 13, 2017**

Honorable Edward J. Lodge
United States District Judge